IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| AMERICAN HEALTH CARE ASSOCIATION, et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | 2:24-CV-114-Z-BR |
| § | |
| XAVIER BECERRA, et al., § | |
| § | |
| Defendants. § | |

## SCHEDULING ORDER

The presiding United States District Judge has referred this case to the undersigned United States Magistrate Judge for pretrial management. The District Judge will set the pretrial and trial schedule by separate order.

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, the *Civil Justice Expense and Delay Reduction Plan* for the United States District Court, Northern District of Texas (Misc. Order No. 46), and the current *Local Civil Rules of the United States District Court for the Northern District of Texas*, and also after having considered the parties' Joint Motion for Briefing Schedule.[1]

### I. MODIFICATION OF DEADLINES

The deadlines set forth below in this Scheduling Order can only be modified: (1) "for good cause" and (2) with the judge's consent. *Shepherd on behalf of Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 287 (5th Cir. 2019) (quoting Fed. R. Civ. P. 16(b)(4)). Rule 16's "good

---

[1] If a date specified in this Order falls on a Saturday, Sunday, legal holiday, or date on which the United States District Clerk's office is closed or is otherwise inaccessible, the deadline is the next day that is not one of the aforementioned days. *See* Fed. R. Civ. P. 6(a)(3).

cause" analysis is thorough and considers four factors.[2] Conclusory statements that good cause exists, or that the extension is not sought for the purpose of delay, are insufficient. Requests and motions to extend or modify deadlines in the Scheduling Order shall directly and specifically address why good cause exists under Rule 16 using each of the four factors:

(1) the explanation for the party's failure to meet the deadline;
(2) the importance of the amendment to the scheduling order;
(3) potential prejudice if the court allows the amendment; and
(4) the availability of a continuance to remedy such prejudice.

Rule 16 does not allow a scheduling order to be modified by agreement of the parties, and <u>the requirements in this section apply whether a request or motion for extension or modification is agreed or opposed</u>.

## II. PRETRIAL SCHEDULE

The parties must comply with each of the following deadlines unless a deadline is modified by the Court upon a showing of good cause as required by Federal Rule of Civil Procedure 16(b).

A.   <u>Administrative Record and Challenges</u>

   i.   The administrative record must be filed on or before **September 13, 2024**.

   ii.  Plaintiffs shall file any objections to or motions to supplement the administrative record on or before **September 27, 2024**.

   iii. If Plaintiffs elect to challenge the adequacy of the administrative record and the parties wish to defer summary judgment briefing, any motion to amend this Scheduling Order in that regard must be filed on or before **October 3, 2024**.

B.   <u>Motions for Summary Judgment</u>

   i.   Plaintiffs shall file their motion for summary judgment, not to exceed 50 pages, on or before **October 18, 2024**.

---

[2] The Court considers four factors, which are listed in Section I. of this Order, when determining whether good cause exists to modify a scheduling order. *See S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003); *Reliance Ins. Co. v. Louisiana Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997).

    ii.    Defendants shall file a combined summary judgment response and cross-motion for summary judgment, not to exceed 50 pages, on or before **November 15, 2024**.

    iii.    Plaintiffs shall file a combined summary judgment reply and response to the cross-motion for summary judgment, not to exceed 50 pages, on or before **December 13, 2024**.

    iv.    Defendants shall file their reply in support of the cross-motion for summary judgment, not to exceed 35 pages, on or before **January 17, 2024**.

## IV. RULE 26(a) DISCLOSURES AND DISCOVERY MATERIALS NOT TO BE FILED

Counsel are reminded that, pursuant to Federal Rule of Civil Procedure 5(d)(1), disclosures under Federal Rule of Civil Procedure 26(a)(1) or (2), and the following discovery requests and responses—depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission—must not be filed until they are used in the proceeding or the Court orders filing.

## V. MOTIONS AND PROPOSED ORDERS

When a party files a motion that requests "emergency," "expedited," or similar relief or provides for agreed relief concerning a fast-approaching deadline, the party should assume the Court is unaware of the filing. When such relief is sought, counsel should contact chambers at (806) 468-3832 and arrange to have a judge's copy promptly delivered to the United States District Clerk's office, if directed to do so by chambers.

Paper copies are required for dispositive motions referred to the undersigned, *Daubert* motions, motions to compel or for protective order, and any other motion over 10 pages, as well as responses, replies, and any corresponding briefs and appendices. Paper copies must comply with Local Rule 10.1 except as specified in this section. On or before the third business day after the date any movant's reply is due, any represented movant must provide: (1) a three-ring binder containing the motion, any responses, any replies, and any corresponding briefs; and (2) a separate

three-ring binder containing any corresponding appendices. The front of each binder should contain an 8 ½" x 11" cover page that includes the (1) case style; (2) case number; (3) names of all parties; and (4) names of all attorneys of record in the case. The spine of each binder should contain the case style and case number. Motions, briefs, responses, and replies should be printed <u>single-sided</u>. Appendices should be printed <u>double-sided.</u> The parties must only include the file-marked copies of each PDF document after they have been filed with the Clerk of the Court or the electronic filing system. Each binder should be appropriately tabbed and indexed. Requirements for dispositive motions can also be found at <u>http://www.txnd.uscourts.gov/judge/magistrate-judge-lee-ann-reno</u>.

If a party submits any proposed order to the Court, including an agreed protective order, the party <u>shall email the proposed order</u> in Word format to reno_orders@txnd.uscourts.gov with the case number and document number of the accompanying motion in the subject line. The parties are not to use this email address for any other purpose.

IT IS SO ORDERED.

ENTERED August 13, 2024.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE