IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

AMERICAN HEALTH CARE
ASSOCIATION *et al.*,

    Plaintiffs,

v.

    **2:24-CV-114-Z-BR (lead case)**
    2:24-CV-171-Z (consolidated case)

XAVIER BECERRA *et al.*,

    Defendants.

## ORDER

Before the Court is the State of Texas's Unopposed Motion to Consolidate Cases ("Motion") (ECF No. 48), filed September 10, 2024. Having reviewed the briefing and relevant law, the Court **GRANTS** the Motion and **DIRECTS** the Clerk of the Court to consolidate 2:24-cv-114 with 2:24-cv-171 and to add the consolidated plaintiffs and their corresponding lead and local counsel into the lead case. The lead case will be 2:24-cv-114. All parties are **INSTRUCTED** to file any future filings in the lead case and to adhere to the briefing schedule in place for the lead case.

### BACKGROUND

Plaintiffs filed this suit on May 23, 2024, challenging the federal rule "Medicare and Medicaid Programs; Minimum Staffing Standards for Long-Term Care Facilities and Medicaid Institutional Payment Transparency Reporting" ("Final Rule"). 89 Fed. Reg. 40876 (May 10, 2024). Plaintiffs argue the Final Rule exceeds statutory authority and is arbitrary and capricious under the APA. ECF No. 26 at 37–56. On August 14, 2024, the State of Texas filed suit also challenging the Final Rule under the APA against the same Defendants. 2:24-cv-171-Z.

ANALYSIS

Federal Rule of Civil Procedure 42 allows courts to consolidate suits that "involve a common question of law or fact." FED. R. CIV. P. 42(a). A district court hold wide discretion over whether to consolidate. *See Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1532 (5th Cir. 1993). Its "managerial power is especially strong and flexible in matters of consolidation." *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977). Several factors inform whether to consolidate. These include, but are not limited to,

> whether (1) the cases proposed for consolidation are pending either before the same court for all purposes or before two different courts within the same judicial district; (2) the cases involve a common party; (3) the cases involve common issues of law and/or fact; (4) there is no risk of prejudice or possible confusion if the cases are consolidated, or if there is any risk, it is outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately; (5) consolidation will not result in unfair advantage; (6) consolidation will conserve judicial resources; (7) consolidation will reduce the time for resolving the cases when compared to separate trials; and (8) consolidation will reduce the expense of trying the cases separately.

*Russo v. Alamosa Holdings, Inc.*, No. Civ.A. 5:03-cv-312, 2004 WL 579378, at *1 (N.D. Tex. Feb. 27, 2004) (compiling authorities). The Fifth Circuit views consolidation with favor. *See In re Air Crash*, 549 F.2d at 1013–14.

Texas satisfies several factors. First, both cases are pending in the Northern District of Texas and further are both in the same division. Second, both cases involve a common party. The Defendants are the same in both. Third, the cases involve common issues of law. Each concerns whether the Final Rule violated the APA because it exceeded the agency's statutory authority or was arbitrary and

capricious. Fourth, there is no risk of prejudice or possible confusion. Defendants do not allege any

prejudice that may result from consolidation because they do not oppose the Motion. And even if there

were a risk of prejudice or confusion, the risk of inconsistent adjudication between the two cases

outweighs any risk of prejudice. The Final Rule either violates the APA or it does not and ensuring there

is one answer to the multiple parties asking that question weighs in favor of consolidation here. Fifth,

consolidation would not result in unfair advantage because the Motion is unopposed. Sixth, seventh,

and eight, consolidation will permit the Court to conserve its resources in deciding the issues at hand,

will reduce the time needed to resolve motions and issues compared to if the cases remained separate,

and will reduce the parties' expenses because they will not have to argue and defend the same motions

and issues twice.

Accordingly, Texas's Motion is **GRANTED**.

**SO ORDERED**.

September 1**8**, 2024

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

3